357 So.2d 519 (1978)
STATE of Louisiana
v.
Roslyn DAVIS.
No. 60838.
Supreme Court of Louisiana.
April 10, 1978.
Jacques F. Bezou, Garon, Brener & McNeely, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Michael T. Stone, Asst. Dist. Attys., for plaintiff-relator.
*520 CALOGERO, Justice.
Roslyn Davis was charged with possession of two controlled dangerous substances, cocaine and methaqualone, in violation of La. Rev.Stat. 40:967. Defense counsel filed a motion to suppress the drugs seized, alleging that a warrantless seizure was illegal. After a hearing the trial court granted defendant's motion to suppress. We granted the state's application for writ of review in connection with this ruling. 352 So.2d 1029 (La.1977).
The only witnesses at the hearing on the motion to suppress[1] were two of the police officers who participated in all of the events leading up to Ms. Davis' arrest. They testified that on August 10, 1977 they went to an address on North Carrollton Avenue in New Orleans to purchase drugs. At that address, the officers purchased some drugs and then disclosed that they were policemen. After this disclosure, in order to help the police, and presumably the vendor-informant as well, the vendor revealed the name of defendant Roslyn Davis and stated that she (Davis) was dealing in drugs. The vendor-informant gave the police the name, address and description of defendant Davis and a description of her car, and placed a phone call presumably to Ms. Davis to arrange a drug buy. The police listened on an extension as the informant asked for defendant Roslyn Davis, whom she referred to as "Roz," and discussed cocaine with her. In response to the informant's inquiry about the availability of cocaine for purchase, Ms. Davis agreed to call back, then did so, and stated that she would have some cocaine in about forty-five minutes. During this second call the officer was again on the extension phone. Believing it probable that Ms. Davis would be leaving her residence to acquire cocaine and would be returning there within about a forty-five minute period with cocaine in her possession, the police decided to go immediately to Ms. Davis' apartment to follow her to her source. On arriving at the address given them by the informant at about 6:15 p. m., the officers looked for the car described to them as Ms. Davis'. The car was not there, but it was seen to return to the parking lot of the residence (an apartment complex) at about 7:00 p. m., shortly after the anticipated 6:45 p. m. arrival. A person meeting the informant's description of Roslyn Davis approached the residence address given as Ms. Davis' address. The police officers identified themselves as such, exhibited their identification, and Ms. Davis reacted by running away, up the stairs, toward the apartment stated to be that of Roslyn Davis. The officers gave chase and caught up with her at the top of the stairs, where they announced that she was under arrest. The woman was trying to put her hand inside her purse. The police grabbed the purse and found inside it the narcotics, possession of which is charged, and a gun. The arrestee turned out to be Roslyn Davis, the defendant herein.
The state argues that defendant Davis' arrest for possession of two controlled dangerous substances was made on the basis of probable cause and that the warrantless search of her purse was properly conducted as incident to that arrest.
When an arrest is lawfully made, the suspect can properly be searched by police for weapons and contraband. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); State v. Clift, 339 So.2d 755 (La.1976). The question before us in this case is whether the arrest of defendant Davis was made on the basis of probable cause.
The state argues that there was probable cause to arrest defendant at the time they first approached her. Admitting that because the informant had not previously given *521 reliable information she may not be properly designated a reliable confidential informant, the state urges that the information given to police was reinforced by the intervening occurrences between receipt of information and arrest, and that any reservations concerning sufficiency of the probable cause was erased when defendant fled at their approach. The state relies on the case of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) wherein a government agent was told by a reliable informant that defendant, who was unknown to the agent, would alight from a certain train on either of two days, would be wearing certain clothing and carrying a tan zipper bag, and would be carrying narcotics. When the defendant who fit the given description alighted from one of the named trains, he was arrested and searched. The United States Supreme Court held that there was probable cause for the warrantless arrest and that the search was legal because incident to a lawful arrest.
Probable cause to arrest exists when the facts and circumstances within the officers' knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); State v. Robinson, 342 So.2d 183 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). In this case, the officers had listened on the telephone while arrangements were made between the informant and defendant for a cocaine buy. They knew of their own knowledge, without reliance upon information given them by the informant, that a person called "Roz" said that she would have some cocaine in about forty-five minutes and said that she would be willing to sell that substance.
The informant, who admittedly had never previously given reliable information to police, gave the officers Roz's full name, a physical description of her, her address, and a description of her car, a maroon Camero. Armed with this information the officers went to the address which had been given them and waited until "Roz's" anticipated arrival time of 6:45 p. m., and for a short time thereafter. At about 7:00 p. m., a woman meeting the given description and driving the described type of automobile, a maroon Camero, arrived and approached the apartment building. Her arrival at that location near the anticipated time along with the matching descriptions of "Roz" and her car confirmed the information given to the officers by the informant. When the officers approached defendant Davis on the basis of information personally gleaned from the two telephone conversations and information given to them which had been confirmed by their own observations, they had probable cause to arrest her for possession of contraband drugs. When the officers called out to her and she began to run into the building and up the stairs, her reaction further confirmed their belief that she possessed cocaine and added to the extant probable cause. Under these circumstances, the arrest of defendant Davis was lawfully made on the basis of probable cause and the search effected pursuant to that arrest did not violate defendant's federal or state constitutional guarantees. State v. Robinson, supra.

Decree
Accordingly, we reverse the ruling of the trial court which granted defendant's motion to suppress, and we remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
On very close questions of this nature depending upon the weight of the evidence and credibility of witnesses, this Court should not disturb a reasonable determination by the trial judge.
I respectfully dissent.
NOTES
[1] Roslyn Davis did not take the stand at the motion to suppress hearing. She did, however, file an affidavit with the court stating that, after she had arrived at her apartment building and was in front of her door reaching in her purse for her keys, she heard several car doors slam just before three men rushed up the stairs toward her. One of them arrested her and the other grabbed her purse and searched it. She said that she did not run from the policemen. Whatever the legal efficacy of this affidavit, it was not a part of the motion hearing and bears no weight in our consideration of this case.