388 So.2d 781 (1980)
STATE of Louisiana
v.
Charlie F. LINDSAY.
No. 66872.
Supreme Court of Louisiana.
September 3, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion Farmer, Dist. Atty., Abbott Reeves, Asst. Dist. Atty., Director, Research and Appeals, for plaintiff-respondent.
Anderson, Toledano & Courtney, Rykert O. Toledano, Jr., Covington, for defendant-relator.
BLANCHE, Justice.
Defendant was charged by bill of information with disturbing the peace by being intoxicated in violation of R.S. 14:103A(3) and with resisting an officer in violation of R.S. 14:108. Following a bench trial, defendant was acquitted of disturbing the peace but was found guilty of resisting an officer. For the latter offense, he was fined $150. We granted writs to review defendant's contention that he had a right to resist the officer because no probable cause existed to arrest him for any crime.
*782 On the evening of November 22, 1978, two St. Tammany Parish police officers went to defendant's residence on Stafford Road to investigate a report of a domestic disturbance. According to Sergeant Grow, the driveway was blocked by two vehicles, so he and his partner, Deputy Sharp, exited their police car and separated such that Grow was walking past a cattle guard and up the driveway on the right side of the vehicles, while Sharp walked on the left side of the vehicles. At this point, defendant approached Grow and demanded to know why the officers were on his property. Defendant allegedly used an obscenity in connection with this demand. According to Grow, defendant appeared intoxicated and continued to ask the same question in a loud voice and while using obscenities. Grow testified that defendant noticed Deputy Sharp standing on the bumper of one of the vehicles and yelled "Get off my [obscenity] truck." Defendant then rushed past Grow in the direction of Sharp. At this point, Sergeant Grow arrested defendant, who fought the arrest by seizing a mirror on the truck with his hands. After the officers subdued defendant, they advised him of his Miranda rights and that he was under arrest for disturbing the peace due to his intoxication.
Defendant and his witnesses presented an entirely different version of the incident. They claimed that as soon as defendant walked up the officers grabbed him and began beating him. The trial judge believed the officers' version of the facts, but acquitted defendant of the charge of disturbing the peace by being intoxicated because defendant was not in public but was on his own property. Defendant was convicted of resisting an officer, which is defined as:
"... the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
"The phrase `obstruction of' as used herein shall, in addition to its common meaning, signification and connotation mean:
"(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
"(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
"(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
"(d) Congregates with others on a public street and refuses to move on when ordered by the officer." R.S. 14:108.
It is a long-established principle in Louisiana law that a citizen has the right to resist an unlawful arrest. White v. Morris, 345 So.2d 461 (La.1977); City of New Orleans v. Lyons, 342 So.2d 196 (La.1977); State v. Lopez, 235 So.2d 394 (La.1970); City of Monroe v. Ducas, 203 La. 974, 14 So.2d 781 (1943); La.R.S. 14:108; C.Cr.P. art. 220. As was stated in a 1943 opinion, Monroe v. Ducas, supra:
"The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and, in preventing such illegal restraint of his liberty, he may use such force as may be necessary." 14 So.2d at 784.
In a more recent opinion, we reaffirmed the right to resist an unlawful arrest, and concluded its basis is found in statutory law (R.S. 14:108, resisting an officer, supra, speaks of a lawful arrest; C.Cr.P. art. 220 requires a "person ... submit peacefully to a lawful arrest"), White v. Morris, supra, although there has been some suggestion that the right is constitutionally mandated as well. See Wainwright v. New Orleans, 392 U.S. 598, 88 S.Ct. 2243, 2253, 20 L.Ed.2d 1322 (1968) (Douglas, J., dissenting) (Writ *783 of Certiorari dismissed as improvidently granted due to inadequacy of record); White v. Morris, supra; State v. Lopez, supra.
The sole question presented in this case is whether lawful grounds existed to arrest defendant. If not, then his conviction of resisting an officer in violation of R.S. 14:108 must be reversed because defendant's resistance of his arrest would have been an exercise of his right to resist an unlawful arrest.
In his brief in behalf of the state, counsel asserts the arrest was lawful but does not explain the basis of this contention. In our review, we will consider the lawfulness of the arrest from two approaches: (1) Did defendant's intoxication provide probable cause for an arrest? (2) Was the arrest lawful, as the trial judge apparently concluded, because defendant's antagonistic language and movement toward Deputy Sharp constituted a violation of resisting an officer (R.S. 14:108) in that it was an obstruction of the officers' lawful authority to investigate?

Defendant's Intoxication
Although defendant was acquitted of disturbing the peace by being intoxicated, it remains possible that the officers did, in fact, have probable cause to arrest defendant on the charge, even though the state could not prove the offense beyond a reasonable doubt. Probable cause exists when the facts and circumstances known to the arresting officer, and of which he has reasonably trustworthy information, are sufficient to justify a person of ordinary caution in believing the person to be arrested has committed a crime. State v. Davis, 357 So.2d 519 (La.1978); State v. Dunbar, 356 So.2d 956 (La.1978); State v. Johnson, 192 So.2d 135, 249 La. 950 (1966).
Disturbing the peace is "the doing of any of the following in such a manner as would foreseeably disturb or alarm the public:... (3) appearing in an intoxicated condition." R.S. 14:103.
In State v. Jordan, 369 So.2d 1347 (La. 1979), we concluded that the words "foreseeably disturb or alarm the public", as found in R.S. 14:103, "encompass only conduct which is violent or boisterous in itself, or which is provocative in the sense that it induces a foreseeable physical disturbance." (Quoting from Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, at 253, 7 L.Ed.2d 207.)
Like the trial judge, it is difficult for us to imagine how defendant's conduct on his own property, and under the circumstances of this case, could foreseeably have disturbed the public. The incident took place in a rural area outside of Covington. There is no evidence which indicates the encounter with defendant occurred close to any other dwelling place where the public might possibly be alarmed. In fact, the officers testified that no one except defendant's family observed the incident. Because we conclude no probable cause existed to believe defendant's conduct could have foreseeably disturbed or alarmed the public, defendant's intoxication did not provide grounds for his arrest for disturbance of the peace and his arrest cannot be justified on that basis.

Interference with the Officers' Authority to Investigate
The trial judge appears to have concluded defendant was guilty of resisting an officer in violation of R.S. 14:108, supra, because defendant's abusive language and move toward Officer Sharp interfered with the two officers' lawful authority to investigate.
In State v. Huguet, 369 So.2d 1331 (La. 1979), we rejected the contention that interference with an officer's investigation is a violation of R.S. 14:108, resisting an officer. See also State v. Grogan, 373 So.2d 1300 (La.1979). We interpreted R.S. 14:108 as prohibiting conduct which obstructs officers "acting in their official capacity, while attempting to seize property, serve process or arrest ..." If the officer is not engaged in attempting one of those three things, then a defendant who opposes him cannot be considered guilty of resisting an officer.
Consequently, any behavior of defendant, such as his movement toward Officer *784 Sharp, which may have interfered with the investigation, did not provide grounds for arrest of defendant for violation of R.S. 14:108. The arrest cannot be found lawful on that ground.
For the above reasons, we hold that the arrest of defendant in this case was unlawful, and because he had a right to resist the unlawful arrest, his conviction of resisting an officer must be reversed.
REVERSED.