457 So.2d 168 (1984)
CITY OF BASTROP, Appellee,
v.
Donnie R. PAXTON, Appellant.
No. 16471-KW.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
Hamilton & Carroll by O.N. Hamilton, Jr., Oak Grove, for appellant.
James H. Boddie, Jr., Asst. City Atty., Bastrop, for appellee.
Before PRICE, MARVIN and SEXTON, JJ.
*169 MARVIN, Judge.
In this DWI conviction by a city court, we granted a writ to review whether defendant, Donnie R. Paxton, was "operating" his automobile within the intendment of the city ordinance.[1]
The term operating is broader than the term driving. Operating in some circumstances may mean handling the controls of a vehicle. The definition of operating, however, should not dictate the result in all cases. The result should be determined by the sufficiency of the evidence in each particular case. See and compare State v. Sims, 426 So.2d 148 (La.1983); State v. Phillips, 389 So.2d 1260 (La.1980); State v. Lindinger, 357 So.2d 500 (La. 1978); State v. Rutan, 448 So.2d 267 (La. App.3d Cir.1984). See Annotation, "Operating Motor Vehicle While Intoxicated," 93 ALR 3d 7. The issue is sometimes phrased in terms of the sufficiency of the circumstantial evidence. See Louisiana cases cited above.

FACTS
About 1:00 p.m. Paxton rode with the step-father of his girlfriend, Darla Hankins, to a bar that the step-father owned in Bastrop. About two hours later, Darla Hankins arrived in Paxton's automobile and joined defendant in the bar. Ms. Hankins parked Paxton's car across the street from the bar. Sometime after Darla arrived at the bar, Paxton's mother, Gwendolyn Paxton, joined them. Paxton drank beer from 1:00 p.m. until about 4:00 p.m. when he and Darla left the bar. His blood alcohol, by a later test, was .16 grams percent. His intoxication is not contested. Darla Hankins, who said she does not drink, drank only a soft drink. Ms. Paxton drank one or more mixed drinks while at the bar.
Paxton and Darla left the bar because Darla and Ms. Paxton became engaged in an argument. As they were leaving, Darla declined the offer of another female patron to "take care of" Ms. Paxton. Darla said she and Paxton walked across the street to Paxton's car. As she drove out of the parking lot she and Paxton, her passenger, saw the other female patron "throwing" Ms. Paxton out the front door of the bar and onto the ground. Darla testified that she then drove and parked the car in front of the bar and that she and Paxton immediately got out of the car to assist his mother. Paxton said he put his mother in the front seat of the car and told Darla, who in the meantime had sat in the driver's seat, to move over. Paxton said he then sat in the driver's seat.
At this time (about 4:00 p.m.), Bastrop policemen, who were called because of the disturbance in the bar involving Ms. Paxton, began arriving at the scene. Officer Aulds, who was the first to arrive and who arrested Paxton for DWI and later administered the breath test to Paxton, said he saw the car parked in front of the bar with its back wheels a few feet into the street, with its motor running. He said that he "noticed the brake light flashed ... for a second ... However, the vehicle was not moving." Aulds also testified that the three people in the car were sitting as described by Paxton and Darla. He acknowledged that Darla said that she drove and parked the car in front of the bar and that Paxton said he was not driving and that he wanted to go home and take the others home.
A second policeman testified that he heard Paxton say "You didn't see me driving... I wasn't driving." A third policeman said Paxton "said several times that he wasn't driving." As found by the city court judge and by the district court judge, who heard the appeal from the city court, we accept, as a fact, that the motor of the car was running, notwithstanding the testimony of Paxton and Darla to the contrary.
*170 At best, the evidence shows only that Paxton, while intoxicated, was behind the wheel of his parked car when its motor was running and when the brake lights of the car flashed "for a second." In the absence of other circumstances, this evidence may be legally sufficient to exclude every reasonable hypothesis other than that Paxton had operated the car to achieve the position it was in when the police arrived. See Sims, Phillips, Lindinger, and Rutan, supra. But there are other circumstances in this case which cause us to respectfully disagree with the conclusion of our brothers below that the evidence is sufficient to convict Paxton of "operating" the car.[2]
The testimony of Darla and of Paxton that explains how and when he seated himself in the driver's seat is uncontradicted. They gave this explanation to police when they were questioned at the scene. It is not shown that Paxton turned on the ignition or started the car. It is not shown that Paxton had been operating or driving the car. It is not shown that Paxton hit the brake pedal to cause the brake lights to flash, although we recognize this is a reasonable deduction or hypothesis because it is shown that he was in a position to do so. It is equally as reasonable, however, to deduce that Darla's foot touched the brake pedal as she was moving over to make room for Paxton. The police testified that Darla was excited and upset when they arrived. It is reasonable to deduce that Darla, being excited [perhaps because of what she observed about Ms. Paxton's predicament], simply failed to turn off the ignition. The position of the car, as described by the police, indicates that it was parked in haste.
These total circumstances, even when viewed most favorably toward the prosecution, simply do not show sufficient physical handling of the controls of the car by Paxton to convict him of "operating" the vehicle. The circumstances show that Paxton turned off the ignition and that he may have flashed the brake light. The total circumstances also do not exclude the hypothesis of innocence that Paxton did not operate the vehicle to achieve the position in which it was found by police. LRS 15:438. State v. Captville, 448 So.2d 676 (La.1984). Compare Louisiana cases cited supra. Darla testified that she drove the car to that position. The ordinance makes conduct criminal. Compare LRS 14:7, 8. The intent of an intoxicated person to operate a vehicle is not of itself prohibited criminal conduct. The prosecution simply failed to meet its burden of proving beyond a reasonable doubt and to the exclusion of other reasonable hypotheses that Paxton either was "operating," or had operated, the car.
Defendant's conviction is REVERSED.
SEXTON, J., concurs.
NOTES
[1] The language of the Bastrop city ordinance reads in part:

"The crime of operating a vehicle while intoxicated is the operating of any motor vehicle... while under the influence of alcoholic beverages ..." Compare LRS 14:98.
[2] The city court trial judge said:

"My appreciation of the law is that any operation is sufficient. [R]eally there is little question in my mind as to what happened here. I think that the parties were having difficulties there at the Postoffice Lounge and Mr. Paxton and Mrs. Paxton had been drinking quite a bit there, apparently. And apparently Mr. Paxton was going to drive off after the problems that they had had there. I think that the operation that has been shown by the State is sufficient here to prove operation." Emphasis supplied.
The district court judge reviewed the record made in the city court and concluded that the city court judge rejected as unworthy of belief the testimony of defendant, his girlfriend, and his mother and that the evidence was "convincing to the exclusion of any other reasonable hypothesis that [defendant] was `operating' the vehicle."