514 So.2d 205 (1987)
STATE of Louisiana, Plaintiff-Respondent,
v.
John F. BRISTER, Appellant-Relator.
No. K87-142.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Rehearing Denied November 17, 1987.
*206 Lisa McCowan, Natchitoches, for appellant-relator.
Michael Henry, Dist. Atty., Natchitoches, for plaintiff-respondent.
Before FORET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
We granted a writ of certiorari in this case to consider the correctness of the trial court's convictions and sentences of defendant. For reasons expressed below, we affirm in part, reverse in part, and render.
Respondent, John F. Brister, was charged by bill of information with driving while intoxicated, resisting an officer, simple obstruction of a highway, and driving with an expired motor vehicle inspection sticker, violations of LSA-R.S. 14:98, 14:108, 14:97 and 32:1304, respectively. He was convicted of all charges. For driving while intoxicated, defendant was sentenced to pay a fine of $500 and to serve six months in the parish jail. For resisting an officer, defendant was sentenced to serve six months in the parish jail to run consecutively to the DWI sentence. For obstruction of a highway, defendant was sentenced to six months to run concurrently with the sentence for resisting an officer.[1] For having an expired motor vehicle inspection sticker, defendant was sentenced to pay a fine of $12 plus court costs.

FACTS
On July 19, 1986, at about 1:45 a.m., Officer Steven Rachal and Civil Defense Officer Russell Rachal discovered a vehicle stopped in the southbound lane of traffic of La. 485 between Allen and Robeline in Natchitoches Parish. The motor was not running. The lights of the vehicle were on, but were very dim. The defendant was observed sitting in the driver's seat, slumped against the door with his left arm hanging out of the window. Over his PA system, Officer Rachal ordered the defendant to exit the vehicle. After the seventh or eighth request to exit, defendant tried to turn to see who was behind him. As he did so, his car, which was on a slight incline in the road, rolled forward approximately 10 to 15 feet. Officer Rachal approached the vehicle and again asked defendant to step out. The defendant used vulgar language, made a motion with his left hand and began reaching for something between the seats. Fearing the production of a weapon, Officer Rachal sprayed defendant with mace and pulled him from the car. Officer Rachal stated that defendant, stunned by *207 the mace, resisted being pulled out of the car. Officer Rachal secured the defendant with handcuffs, arrested him, advised him of his rights and placed him in the patrol car.
Officer Rachal said he smelled alcoholic beverage on the defendant. Officer Rachal returned to the vehicle and discovered that it was in neutral; that there was a three-fourths empty bottle of whiskey in the car; and that the inspection sticker was expired. No field sobriety test was administered. Defendant was taken to jail where he refused to take a breathalyzer or photo-intoximeter test.
Petitioner claims that the trial court erred in convicting him on the charges of DWI, resisting an officer and expired inspection sticker as insufficient evidence was produced. Petitioner argues that it was not shown that he was operating the vehicle within the meaning of the DWI statute, that he was not shown to be intoxicated, that he could not have been resisting an officer simply by not exiting the vehicle, and that he was not shown to be the owner of the vehicle.
To be convicted LSA-R.S. 14:98 (DWI), the defendant must have "operated" the vehicle while intoxicated. In the reasons for judgment, the trial judge said he only found defendant to be "operating" the vehicle because defendant happened to be in the driver's seat when the car rolled forward.
In pertinent part, LSA-R.S. 14:98 provides that:
"A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, or IV, or V as set forth in R.S. 40:964."
In City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2d Cir.1984), the court discussed the meaning of operating a vehicle:
"The term operating is broader than the term driving. Operating in some circumstances may mean handling the controls of a vehicle. The definition of operating, however, should not dictate the result in all cases. The result should be determined by the sufficiency of the evidence in each particular case. The issue is sometimes phrased in terms of the sufficiency of the circumstantial evidence." (citations omitted)
Id. at 169. In Paxton, the defendant was found behind the wheel of a parked car when its motor was running and when the brake lights flashed for a second. The defendant and his companion testified that the companion had driven the car to where it was parked, whereupon defendant got behind the wheel but never moved the car. The appellate court reversed the conviction, holding that the total circumstances did not exclude the hypothesis of innocence that defendant did not operate the vehicle.
The term "operate" includes merely controlling the vehicle. Doing anything with regard to the mechanism of a motor vehicle, whether it has any effect on the engine or not, is also included in the term "operate." Similarly, it has been held that a person begins to operate the instant he begins to manipulate the machinery of the vehicle for the purpose of putting the car in motion, and that "operates" refers to the actual physical handling of the controls of a vehicle. See, 93 A.L.R.3d 7, 16-17 (1979).
The mere presence of defendant in the car while it was in motion does not make him the operator of the vehicle. The defendant must have been exercising some control or manipulation over the vehicle, such as steering or braking. No evidence was introduced that defendant released the brake, causing the car to roll forward, or that he was steering the car. Officer Rachal theorized that defendant's movement in his seat started the car down the incline. It is a reasonable hypothesis of innocence, and the most plausible inference from the *208 evidence, that the car started and stopped on its own without defendant exerting any control over the vehicle. The trial court erred in finding that defendant "operated" the car. Defendant's conviction under LSA-R.S. 14:98 is reversed.
Resisting an officer, LSA-R.S. 14:108, is defined as follows:
"A. Resisting an officer is the intentional opposition or resistance to or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to believe that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase `obstruction of' as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.
C. Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both."
Louisiana jurisprudence has construed this statute to mean that the resistance must have taken place while the officer or deputy is in his official capacity during an arrest, seizure of property, or service of process. State v. Lindsay, 388 So.2d 781 (La. 1980); State v. Grogan, 373 So.2d 1300 (La.1979); State v. Huguet, 369 So.2d 1331 (La.1979).
In the instant case, defendant was convicted of resisting an officer because he failed to get out of his car when ordered to do so and because he struggled with the officer who had just sprayed defendant with mace when the officer pulled him out of the car. Defendant was not placed under arrest until Officer Rachal had pulled him out of the vehicle. Prior to that time, Officer Rachal was merely conducting an investigation of the scene. Failure to obey an officer's order while he is merely investigating a scene is not resisting an officer. Lindsay, 388 So.2d at 783.
Since Officer Rachal was not in the process of arresting defendant at the time defendant allegedly resisted him, defendant cannot be guilty of resisting an officer. Defendant's conviction under LSA-R.S. 14:108 is reversed.
LSA-R.S. 32:1304 makes it the duty of the owner of the vehicle to have the vehicle inspected and to display the inspection sticker. The owner or operator must display the certificate of inspection. It was never shown that defendant was the owner of the vehicle in question. It was determined above that defendant was not an operator of the car; thus, the evidence is insufficient to convict defendant of this charge. Defendant's conviction under LSA-R.S. 32:1304 is reversed.
Defendant abandoned his challenge to the simple obstruction of a highway (LSA-R.S. 14:97); therefore, we decline to pass on the matter.
For reasons assigned, defendant's convictions under LSA-R.S. 14:98 (DWI); 14:108 (resisting an officer); and 32:1304 (driving with expired motor vehicle inspection sticker) are reversed and the respective sentences are vacated and set aside.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
For the following reasons I respectfully disagree with the majority. The circumstantial evidence is more than sufficient to *209 prove defendant's guilt excluding every reasonable hypothesis of innocence, that defendant operated the vehicle while intoxicated and for the other offenses. Defendant was found: 1) slumped behind the steering wheel in a vehicle stopped at 2 a.m. in the middle of his lane of travel; 2) alone in his vehicle; 3) with the keys in the ignition in the on position; 4) with the headlights dimly lighted; 5) with a bottle of bourbon three-quarters empty, in the vehicle; and 6) with an alcoholic odor on him. Under these facts I cannot agree that the State failed to prove that defendant was operating a vehicle while intoxicated. It is more reasonable to believe that defendant operated the vehicle while intoxicated when he stopped or parked the car in the middle of his lane of travel. The majority focuses on the car "rolling" after the officers arrived, to find that he was not operating the vehicle. The emphasis should have been on defendant's intoxicated condition in operating a vehicle and stopping or parking it in the middle of his lane of traffic.
The majority relies upon City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2nd Cir. 1984), for the reversal of a DWI conviction. The Paxton case is clearly distinguishable. Paxton's vehicle was parked in front of a bar and, because other persons were in the car, other circumstances existed which did exclude the hypothesis that Paxton operated the car to achieve the position it was in when the police arrived. Unlike Paxton, Brister's vehicle was stopped in the roadway and other circumstances do not exist which would exclude that Brister drove the car onto the highway while intoxicated. Under this analysis, I would find no error in the trial court finding defendant guilty of DWI and failure to have a valid inspection sticker.
With regards to the charge of resisting arrest, I also find State v. Lindsay, 388 So.2d 781 (La.1980), distinguishable on the facts. In Lindsay the defendant's resistance to arrest was held justifiable because his arrest was unlawful. In the present case the police officer was attempting to arrest defendant for numerous violations, including obstruction of the highway which is not contested in this writ application.
Defendant's sentence is not harsh when his driving record is considered. In sentencing defendant the trial judge noted that defendant had been arrested 12 times for DWI (some of which had been changed to careless and reckless), had 13 other traffic offenses and 5 speeding charges. It also noted at the time of this arrest defendant was on probation for DWI from Leesville, and that the present prosecution was orally reduced by the State at trial from DWI (second).
NOTES
[1] Although defendant included his conviction for obstruction of a highway in his assignment of error, he did not brief that issue. Assignments of error which are not briefed are abandoned. State v. Dewey, 408 So.2d 1255 (La. 1982). Accordingly, that assignment of error will not be addressed in this review.