WARD, Judge.
The State charged James Hudson with the crime of operating a vehicle while intoxicated, a misdemeanor under the laws of Louisiana. The maximum sentence for a first conviction of this offense is a $500.00 fine and imprisonment for not more than six months. Accordingly, Hudson does not have a right to trial by a jury, nor does Hudson have a right to an appeal. R.S. 14:2; C.Cr.P. art. 779(B). This Court’s appellate jurisdiction is limited to criminal cases tried before a jury. Louisiana Constitution of 1974, Article 5 § 10(A). In such situations, this court must consider this “appeal” as an application for supervisory writs. State v. Banks, 444 So.2d 1243 (La.1984).
Hudson was tried by the court without a jury. The trial court found Hudson guilty as charged and sentenced him to serve ten days in parish prison, but suspended the sentence. Hudson filed a motion for an appeal and an application for a writ. We have reviewed the matter as an application for a writ, but we have given Hudson all rights he would have had if we reviewed it as an appeal. We affirm.
The most serious issue is whether the State proved Hudson was operating the vehicle. Most of the facts are not disputed. Hudson concedes he was the person in the vehicle and that he was drunk when arrested by the Plaquemines Parish Sheriffs.
The trial record contains inadmissible hearsay describing the complaint received by the Sheriffs which led to Hudson’s arrest. We have ignored that testimony. We have considered only testimony to show that Deputy Sheriff David Morgan acted reasonably and with probable cause when he and Deputy Sheriff Charles Young went to the location of Hudson’s vehicle to begin their investigation. After excluding those facts from our consideration, we conclude the State produced sufficient evidence to prove Hudson was operating the vehicle while intoxicated.
On March 16, 1960 at approximately 11:30 p.m., after reviewing the second complaint, Deputy Morgan testified that he and Deputy Chuck Young went to York Street in Plaquemines and found Hudson’s vehicle, a pick-up truck, partially parked on the roadway and shoulder, with the engine running and the parking lights on. The truck had a flat left front tire and a dented tire rim, obviously the result of hitting the nearby curb. Officer Young tapped at the window for several minutes before waking Hudson who apparently had been sitting in the driver’s seat before he went to sleep, after which he was slouched on the front seat. When Hudson exited the vehicle, he unzipped his pants and began to urinate. *85 Hudson appeared intoxicated. He failed the field sobriety test; he could not take three or four steps without falling to the side. His speech was slurred and his breath smelled of alcohol from four or five feet away. Morgan and Young arrested Hudson, and took him to jail where a breathalyzer test was administered, showing .176 alcohol content.
Hudson testified that he had worked a long day, finishing at about 5:30 p.m. On his way home, he stopped and bought a half pint of Crown Royal and locked it inside his truck. He stopped at the Myrtle Grove Bar at approximately 6:00 p.m. and drank three beers with some co-workers. He left the bar about 8:00 p.m. and had a blowout on his way home. He testified that he hit a curb as he tried to maneuver the truck onto the shoulder of the road on York Street. He left the car to use the phone at a house across the street to call his wife and ask her to pick him up. He returned to his truck, started the motor so that the heater would keep him warm, and then had a few sips of the Crown Royal.
The standard of appellate review to determine if whether the evidence is sufficient to support a conviction was set forth in State v. Heck, 560 So.2d 611, 614-615 (La.App. 4 Cir.1990), writ den. 566 So.2d 395 (1990):
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 [61 L.Ed.2d 560] (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror’s reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Unconvincingly, Hudson argues that the State failed to produce sufficient evidence to prove that he was “operating” a motor vehicle within the definition of R.S. 14:98. Relying on State v. Brister, 514 So.2d 205 (La.App. 3 Cir.1987), he argues that the State must at least show that he exercised some control or manipulation over the vehicle, and he contends it did not show it. In Brister, the Third Circuit reversed a conviction for driving while intoxicated. The defendant was found sitting in the driver’s seat, slumped against the door. The lights of the vehicle were on but were very dim and the motor was not running. After seven or eight requests by police for the defendant to exit the vehicle, the defendant turned, apparently causing the vehicle, which was in neutral, to roll forward ten or fifteen feet. The Third Circuit reversed the defendant’s conviction stating,
“The mere presence of defendant in the car while in motion does not make him the operator of the vehicle. The defendant must have been exercising some control or manipulation over the vehicle, such as steering or breaking. No evidence was introduced that the defendant released the brake, causing the car to roll forward, or that he was steering the car. Officer Rachal theorized that defendant’s movement in his seat started the car down the incline. It is a reasonable hypothesis of innocence, and the most plausible inference from the evidence, that the car started and stopped on its own without the defendant exerting any control over the vehicle.” Brister, at 207-208.
Hudson also relies on City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2 Cir.1984). In Paxton, the defendant was a passenger in a car and had returned to a bar to assist his mother. Defendant’s girlfriend drove the car and parked it in haste while the defendant exited the car to help his mother. When the defendant returned with his mother, he asked his girlfriend to move over to allow room for his mother, and he sat in the driver’s seat. The engine of the car was running and police officers, who *86 arrived at this time, saw the brake lights flash briefly. The vehicle did not move. The appellate court found the evidence insufficient to convict the defendant of driving the vehicle while intoxicated. The Court referred to the State’s failure to show that the defendant had turned on the ignition or started the car or that he had been driving or operating the car or that his foot hit the brake pedal, causing the lights to flash.
Unlike Brister and Paxton, Hudson was the only person in the truck that was parked halfway onto a road with the engine running and the parking lights on, to which Hudson testified, giving an explanation for his intoxication, but denied driving while intoxicated. Unlike Brister and Paxton, there is no issue of whether Hudson ever operated the vehicle, only whether he was intoxicated when he did.
The trial court rejected Hudson’s explanation, and the only question is whether the State’s evidence is sufficient under Jackson. We conclude that it is.
AFFIRMED