11 YELVERTON, J.
A jury heard the State’s case against Chance Ceaser, the Defendant, on two counts of committing battery of a police officer with injury, in violation of Louisiana Revised Statute 14:34.2(B). The jury found the Defendant guilty on both counts, finding as charged on the first count, but as to the second, finding “not producing injury.” He was sentenced to two years at hard labor on the first count and given a concurrent sentence of six months on the second. The Defendant is now appealing the conviction.
On April 9, 2001, in the early afternoon, Kevin Noel and Troy Stagg, officers with the Eunice City Police Department, received a report of a domestic disturbance at the home of Ms. Millie Ceaser. The call was initiated by Ms. Ceaser, who was the homeowner. She requested that officers come and remove her son, Defendant, from the house because he was arguing with his brother. At the time of the incident, Defendant lived with his mother.
When they got there and approached the house, the police officers could hear the Defendant arguing with his mother *681 and brother. The Defendant had a history of causing disturbances and had been removed from the house in the past. Both Sergeant Stagg and Officer Noel were familiar with the occupants and the previous disturbances. They had been to the residence on prior occasions and removed the Defendant at his mother’s request. When they got there on this occasion, “Ms. Millie wanted him out of the house.” The officers encountered Ms. Ceaser, Defendant, and the Defendant’s brother, Shaun Ceaser, standing in the kitchen area of the house.
After the police entered the house, they asked the Defendant to leave so that he could cool off and avoid an escalation of events. When the Defendant was asked by the police to leave the house, he made it very clear that he was not going to leave | ^voluntarily, saying he was not “f_ing leaving.” When one grabbed him by the arm to escort him out, the Defendant jerked his arm back. It was then that the police arrested him. When they tried to handcuff him, a struggle occurred; the Defendant tried to snatch weapons from Sergeant Stagg’s duty belt, managed to wrest a flashlight away from Sergeant Stagg, and hit both officers with it. For this he was charged and convicted of the two counts of battery of a police officer.
Sergeant Stagg testified that the Defendant was placed under arrest when he refused to be escorted out of the house. Officer Noel testified that the Defendant was placed under arrest when he “started resisting us,” and his resistance was his refusal to cooperate. Officer Noel testified that the refusal to cooperate was what he called resisting. Officer Noel admitted that the Defendant had not struck anyone or pushed on anyone, nor had he used force against anyone before he was arrested. The State produced no evidence that there had ever been any family abuse committed by the Defendant. The evidence does not show an assault or a battery had occurred. Although the officers testified they heard arguing, they were not specific as to who was involved in the argument or what was said during the argument.
Sergeant Stagg testified regarding the procedure that the police followed when they receive a complaint of a disturbance at a residence. He stated that two officers will respond to the call. He stated that they would “find out what’s going on, just investigate to the best of our ability with the attitudes of the people when we get there. Normally, separate them to try to defuse the situation. It depends on how bad the arguing is or if any batteries may have been committed.”
The Defendant’s principal assignment of error is that there was an unlawful arrest. He contends that the police did not have probable cause to arrest him for | ^resisting an officer and therefore, he had the right to resist the unlawful arrest. We agree.
The definition of resisting an officer as found in Louisiana Revised Statute 14:108(A) is as follows:
Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
For one to commit the crime of interfering with an officer as defined above, the officer must be either making an arrest, seizing property, or serving process at the time of the interference. State v. Lindsay, 388 So.2d 781 (La.1980); McDaniel v. Green, 99-1087 (La.App. 3 Cir. 12/22/99), 755 So.2d 942, writ denied, 00-200 (La.3/24/00), 758 So.2d 151. The testimony in the pres *682 ent case establishes that, when the officers attempted to escort the Defendant out of the house and he jerked his arm away from them, they were not in the process of making an arrest, seizing property, or serving process. Therefore, they did not have probable cause to arrest him for resisting arrest.
By their own testimony their arrest was for resisting arrest and not for any other reason. However, we will consider whether probable cause for arresting him might have been supportable on some other ground.
Louisiana Code of Criminal Procedure Article 213 provides, in pertinent part:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
|4(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer[.]
The information relayed to the officers by the telephone call from the Ceaser house was that the Defendant was arguing with his brother and that Ms. Ceaser wanted him removed from the house. The officers had no reason to believe that the Defendant had committed an offense, nor did he commit an offense in their presence after they arrived at the house.
We have considered whether the Defendant’s conduct might have constituted probable cause for disturbing the peace under Louisiana Revised Statute 14:103, and we find that it did not. Also, we have considered whether probable cause for an arrest without a warrant existed by virtue of the authority of the • Protection from Family Violence Act, specifically Louisiana Revised Statute 46:2140 giving certain authority to a law enforcement officer who has reason to believe that a family or household member has been abused. We have concluded that that section of the law is not applicable because there was no evidence of abuse, simple assault, aggravated assault, or simple battery.
Louisiana jurisprudence has vigorously upheld the right of a citizen to resist an unlawful arrest. State v. Lindsay, 388 So.2d 781.
The right of personal liberty is one of the fundamental rights guaranteed to every citizen and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and in preventing such illegal restraint of his liberty, he may use such force as may be necessary.
City of Monroe v. Ducas, 203 La. 971, 979, 14 So.2d 781, 784 (1943).
| RFor these reasons, the Defendant’s conviction is reversed, an acquittal is ordered, and he is ordered released from custody.
REVERSED; ACQUITTAL ORDERED.