982 So.2d 185 (2008)
STATE of Louisiana
v.
Dwayne E. TREPAGNIER.
Nos. 07-KA-749, 07-KA-750.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*187 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Anne Wallis, Appellate Counsel, Michael F. Escudier, Trial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Michael G. Riehlmann, Attorney at Law, Gretna, LA, for Appellant, Dwayne E. Trepagnier.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
On July 18, 2006, the Jefferson Parish District Attorney filed a bill of information charging Dwayne E. Trepagnier with simple criminal damage to property in an amount exceeding $500.00, in violation of La. R.S. 14:56. That same day, the Jefferson Parish District Attorney filed a separate bill of information charging defendant with three misdemeanor counts: disturbing the peace, in violation of La. R.S. 14:103; resisting an officer, in violation of La. R.S. 14:108; and battery of a police officer, in violation of La. R.S. 14:34.2. Defendant pled not guilty on all counts at his arraignment on August 2, 2006.
On May 30, 2007, the matters came for trial. Defendant waived his right to a jury trial on the felony charge and all charges were tried by the judge. At the close of the State's case, defendant moved for a judgment of acquittal on the misdemeanor disturbing the peace charge, which the trial judge denied.[1] Thereafter, defendant was found guilty as charged on all counts.
On June 13, 2007, the trial judge sentenced defendant on all counts. The trial judge sentenced defendant to six months *188 imprisonment in parish prison for the felony criminal damage to property in an amount exceeding $500.00. The trial judge sentenced defendant to 90 days imprisonment in parish prison for each remaining misdemeanor conviction. The trial judge ordered all of the sentences to run concurrently.
After giving oral notice of appeal, defendant filed a motion for appeal and designation of record in both district court cases. On defense counsel's motion, this Court consolidated these cases on appeal.
At this point, we note a jurisdictional issue. This Court's appellate jurisdiction extends only to cases that are triable by a jury. State v. Chess, 00-164, p. 1 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287. When the State charges a defendant with two or more misdemeanors in a single bill of information or indictment, La.C.Cr.P. art. 493.1 limits the maximum aggregate penalty that may be imposed for all of the misdemeanors to six months of imprisonment or a fine of one thousand dollars, or both.[2]Id. As such, when two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury. Id.
In this case, defendant was charged in a single bill of information with three misdemeanors. Because these three misdemeanors were joined in a single bill of information, the maximum aggregate penalty was limited to six months imprisonment or a fine of one thousand dollars, or both, which means that defendant's misdemeanor charges were not triable by a jury. The proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction.
The long standing policy of this Court is to avoid converting matters that are improperly filed as appeals to writ applications. However, this Court will make an exception if the interests of justice would be better served by converting the filing to a writ application. In this exceptional case, we find that the facts of the misdemeanor and felony convictions are intertwined to the point that the interests of justice are better served by considering the matters together. Accordingly, pursuant to our supervisory jurisdiction, we will convert defendant's appeal of his misdemeanor convictions filed as 07-KA-750 to a writ application reviewable under our supervisory jurisdiction.
Facts
On June 18, 2006, Deputy Wade M. Hotard of the Jefferson Parish Sheriff's Office responded to a complaint of domestic disturbance at 204 Avondale Garden Road in Avondale at approximately 5:00 p.m. Dwayne Trepagnier resided at this address. According to Deputy Hotard, "someone" led him to a large man lying in the grass underneath a tree behind the house. Hotard testified that the man was cursing, "smelling really drunk," and slurring his speech.
Deputy Hotard testified that he informed the man that he was being arrested then handcuffed the man while he was lying down because the man refused to stand up. Hotard called for assistance to load him into the vehicle because the man was very large. After another officer arrived, they picked the man up from the ground and walked with him to Deputy Hotard's police vehicle without resistance. *189 In court, Deputy Hotard identified defendant as the man he arrested that day for disturbing the peace while in an intoxicated condition.
According to Deputy Hotard, while he was transporting defendant to jail in his unit, he heard defendant kicking his rear passenger window and, through the corner of his eye, saw defendant kick the window out of its casing. Deputy Hotard testified that defendant then kicked him, through the opening in the cage partition, in the back of his head and shoulders. Deputy Hotard testified that he stopped the car, exited, and tried to aim his taser at defendant, who continued to block the taser with his feet.
An off-duty deputy, Dale Bruce, stopped to assist Deputy Hotard. At this point, defendant was handcuffed, lying on the backseat of the car while kicking and screaming. Then, defendant lunged out of the broken window head-first to the ground and was kicking and wiggling to get out of their grasp. Defendant had to be forcefully detained in a prone position on the ground. Other units responded and defendant was restrained and put into another unit. At trial, Dale Bruce identified the defendant as the man he saw in the back of Deputy Hotard's vehicle, who lunged out of the vehicle and had to be restrained. The defense stipulated that the damages to the police unit totaled $593.23. At trial, the State introduced pictures of the damaged vehicle and an invoice for the repairs.
Defendant testified that, on the date in question, he and his girlfriend had an argument. He testified that an officer arrived and was questioning "them." Defendant stated that the officer kept telling him to "shut up" and grabbed him and threw him to the ground in his backyard by a tree. Defendant testified that three officers then dragged him, beat him with sticks and threw him in the car. He stated that one officer was taking him somewhere to beat him and kill him. Defendant testified that he became frantic, yelled for help, and kicked out the window. Defendant testified that at this point the officer turned the unit around and took him to jail, refusing to take him to the hospital. He admitted that he had to kick out the window because of the officer's threats, but denied jumping out of the car. At trial, defendant introduced into evidence pictures of the area surrounding his dwelling, including the public streets adjacent to his dwelling, the open field with the tree behind his dwelling, and the proximity of other houses to his dwelling.
In his first assignment of error, defendant argues that the trial court erred in denying the motion for acquittal under La. C.Cr.P. art. 778 because the State failed to prove all elements of disturbing the peace, in violation of La. R.S. 14:103(A)(3). Specifically, defendant argues that the State failed to prove that defendant was present in public while intoxicated and that he disturbed the peace in such a manner as would foreseeably disturb or alarm the public. Defendant argues that he was in his backyard, which is not a public place.
The State responds that sufficient evidence was presented at trial. It contends that the deputy never testified that the open field was defendant's backyard and, even if the behavior was in defendant's backyard, the statute does not require that the offensive behavior occur in a public place, but that it only be heard by someone who is in a public place. The State also responds that the foreseeable alarm to the public was met by the very fact that someone called the police to complain about defendant.
In the present case, defendant moved for judgment of acquittal, which is provided *190 for in La.C.Cr.P. art. 778. Article 778, in pertinent part, provides the following:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
Defendant argues that, even when the evidence is viewed in the light most favorable to the prosecution, the State failed to prove the elements of disturbing the peace. In addressing the sufficiency of the evidence under La. R.S. 14:103(A)(3), this Court in State v. Champagne, 520 So.2d 447, 450 (La.App. 5 Cir.1988), writ denied, 530 So.2d 563 (La.1988), cited Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) as the proper standard to be used by the appellate court. The standard is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of each element of the crime charged beyond a reasonable doubt."[3]
In the present case, defendant was convicted of disturbing the peace, in violation of La. R.S. 14:103. The record is unclear as to which subsection of the statute the State relied on to prosecute defendant. However, Deputy Hotard testified that defendant was arrested for disturbing the peace while in an intoxicated condition under La. R.S. 14:103(A)(3). In his brief, defendant argues that the conviction was insufficient under subsection (3) of that statute, while the State responds by addressing subsections (2) and (3) of that statute.
La. R.S. 14:103(A) provides, in pertinent part:
A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
. . . .
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty[.]
(3) Appearing in an intoxicated condition[.]
To prove guilt pursuant to La. R.S. 14:103(A)(3), the State must establish that the defendant was disturbing the peace by appearing drunk and in such a manner as would foreseeably disturb or alarm the public. State v. Champagne, 520 So.2d at 450.
In State v. Champagne, 520 So.2d at 450, this Court stated that it could not find jurisprudence defining what constituted an intoxicated condition to find a defendant guilty of disturbing the peace; therefore, it analogized this element to the element of intoxication which must be proven to sustain a conviction for driving *191 while intoxicated. This Court noted that a witness can testify to the behavioral observations attendant to intoxication. Id. Further, this Court explained that this intoxication element is satisfied when the defendant is present "while intoxicated, and not when he merely looks like he is intoxicated." Id. at 451.
In Champagne, supra, evidence of the defendant's intoxication consisted of an officer's testimony that the defendant was holding a beer can, that his breath smelled of alcohol, and that he "appeared intoxicated." Additionally, the defendant admitted to consuming beer. Id. at 450. The defendant was approached by the officers because he was hitting the rear window of a K-9 police unit, causing the dog inside to bark. Id. at 450-51. This Court recognized that no description was given by the officers regarding such behavioral manifestations as the defendant's manner of speaking or walking. Id. at 450. This Court decided that the defendant's conduct of banging on the police unit was not violent or boisterous in itself. Also, this Court decided that because the dog was secure and could not exit the vehicle, it was doubtful that the defendant's conduct would induce a foreseeable physical disturbance. Id. at 451. As such, this Court found insufficient evidence with regard to the element of defendant "appearing in an intoxicated condition," and that the defendant acted in such a manner as would "foreseeably disturb or alarm the public." Id.
The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Hotoph, 99-243, p. 12 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066. Credibility will not be reweighed on appeal. Id.
In this case, Deputy Hotard testified that defendant smelled of alcohol, slurred his speech, and refused, or was unable, to stand when requested. We find that the testimony was sufficient to establish the element of "appearing in an intoxicated condition."
Defendant argues that the State did not establish that he was guilty of disturbing the peace "in such manner as would foreseeably disturb or alarm the public[.]" La. R.S. 14:103(A). Defendant contends that he was lying underneath a tree in his own backyard when he was arrested for disturbing the peace. At trial, defendant introduced photographs that depicted the scene. Further, defendant admitted that he and his girlfriend had been arguing, which led to the police responding to a domestic disturbance at defendant's residence.
In State v. Lindsay, 388 So.2d 781, 783 (La.1980), the Louisiana Supreme Court found it difficult to imagine how the defendant's conduct on his own property, and under the circumstances of that case, could foreseeably have disturbed the public. In Lindsay, supra, the police were called to investigate a domestic disturbance report. The incident took place in a rural area outside of Covington and there was no evidence to indicate the encounter with the defendant occurred close to any other dwelling place where the public might possibly be alarmed. Id. The officers testified that no one except the defendant's family observed the incident. Accordingly, the Lindsay court concluded that because there was no probable cause to believe the defendant's conduct could have foreseeably disturbed or alarmed the public, the defendant's intoxication did not provide grounds for his arrest for disturbance of the peace *192 and his arrest could not be justified on that basis. Id.
In the present case, the evidence presented at trial reflects that defendant was lying under a tree, in an open field, behind or adjacent to his residence, bounded on one side by a public road. Further, the evidence reflects that defendant's residence is directly across the street from and next door to other houses. Although the record does not establish any details about the disturbance complaint or the identity of the person who made the complaint, defendant admitted that he and his girlfriend were arguing, which led to a domestic disturbance complaint. Further, Deputy Hotard responded to a "domestic disturbance" call, which supports the finding that defendant had acted in a boisterous or provocative manner.[4] We find that, even if the tree was in his "backyard," defendant was found lying on his back, cursing, in an open field on the edge of a public road, which could foreseeably disturb or alarm the public, including the residents of the neighboring houses or people using the public road. Accordingly, we distinguish this case from Lindsay, and find that defendant's conduct under the circumstances of this case could foreseeably have disturbed the public.
Based on the foregoing, we find that the evidence presented at trial was sufficient to support defendant's conviction for disturbing the peace.[5] We find no error in the denial of the motion for judgment of acquittal. Accordingly, we find no merit in this assignment of error.
In his second assignment of error, defendant alleges that his other convictions must be overturned as lawful resistance to an unlawful arrest because defendant was not lawfully arrested for disturbing the peace. Defendant argues that the officer did not have probable cause to arrest him for disturbing the peace and, therefore, he had the right to resist the unlawful arrest. He argues that the charges of simple criminal damage to property amounting to over $500.00, resisting a police officer and battery of a police officer all stemmed from defendant's efforts to escape from the police car after his unlawful arrest. He claims he used legitimate force to prevent the illegal restraint of his liberty and these other convictions must be overturned. The State responds that the officer did have probable cause to arrest defendant for disturbing the peace by intoxication and, therefore, defendant's convictions should stand.
An arrest is lawful when it is based on probable cause. State v. Fisher, 03-326, p. 11 (La.App. 5 Cir. 7/29/03), 852 So.2d 1075, 1081, writ denied, 03-2545 (La.5/14/04), 872 So.2d 510. Probable cause to arrest exists when facts and circumstances within an officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of average caution in believing that the person to be arrested has committed a crime. State v. Chauvin, 06-362, p. 11 *193 (La.App. 5 Cir. 10/31/06), 945 So.2d 752, 760.
In Louisiana, an individual has a time-honored right to resist an illegal arrest. State v. Ceaser, 02-3021, p. 4 (La.10/21/03), 859 So.2d 639, 643 (citing City of Monroe v. Goldston, 95-0315 (La.9/29/95), 661 So.2d 428 (per curiam); White v. Morris, 345 So.2d 461, 465-66 (La.1977)). However, the right to resist is only available where the arrest is illegal and is tempered by the requirement that in preventing such an illegal restraint of the person's liberty, he may use only "`such force as may be necessary.'" State v. Ceaser, supra (citing and quoting City of Monroe v. Ducas, 203 La. 971, 14 So.2d 781, 784 (1943)).
Here, we have already concluded that Deputy Hotard had probable cause to arrest defendant for disturbing the peace, which means the arrest was lawful. According to our jurisprudence, defendant has the right to resist an unlawful arrest, not a lawful arrest.
Further, we cannot say that defendant was resisting his arrest for disturbing the peace. Deputy Hotard's testimony establishes that defendant went to the police unit peacefully without resistance after he was arrested for disturbing the peace. If defendant wanted to resist because he thought that his arrest was unlawful, it seems he would have resisted before he entered the police unit. Instead, his actions were separate incidents that came after he was in the police unit and en route to jail.
Finally, Louisiana jurisprudence recognizes that the right to resist an unlawful arrest requires the defendant use only "`such force as may be necessary.'" See State v. Ceaser, supra. In State v. Ceaser, supra, the Louisiana Supreme Court found that there was probable cause to arrest the defendant, but noted that even if the arrest was not legal, the amount of force the defendant used exceeded that which was reasonably necessary to prevent the arrest. Ceaser, 02-3021 at pp. 6-7, 859 So.2d at 645.
For the foregoing reasons, we find that the evidence clearly reflects that the police officers had lawful grounds upon which to arrest the defendant for disturbing the peace. The evidence further supports defendant's convictions for resisting an officer, in violation of La. R.S. 14:108; battery of a police officer, in violation of La. R.S. 14:34.2; and felony criminal damage to property in an amount exceeding $500.00, in violation of La. R.S. 14:56. This assignment of error lacks merit.
In his third assignment of error, defendant requests an error patent review. This Court routinely reviews the record for errors patent, in accordance with La. C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). We have found none that require correction. Based on the foregoing, defendant's convictions and sentences are upheld.
CONVICTIONS AFFIRMED; APPEAL CONVERTED IN PART TO WRIT APPLICATION AND WRIT DENIED; IN ALL OTHER RESPECTS, AFFIRMED.
NOTES
[1] According to La.C.Cr.P. art. 778, "[i]n a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
[2] La.C.Cr.P. art. 493.1 reads: "Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both."
[3] In State v. Hargrave, 411 So.2d 1058, 1061 (La. 1982), the Louisiana Supreme Court provided that the denial of a motion for acquittal "may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion." In State v. Benoit, 477 So.2d 849, 852 (La.App. 5 Cir. 1985), this Court agreed that State v. Hargrave, supra, was the proper standard for review of the denial of a motion for judgment of acquittal. In Benoit, this Court found that the prosecution not only met the Hargrave standard but it also met the more stringent standard set forth in Jackson v. Virginia, supra. Id. at 854.
[4] In State v. Heck, 307 So.2d 332 (1975), the Louisiana Supreme Court approved the United States Supreme Court's interpretation of the phrase "(as would) foreseeably disturb or alarm the public" in Garner v. State of Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961). In Garner, the Court, after examining the Louisiana jurisprudence, concluded: "(T)hese words encompass only conduct which is violent or boisterous in itself, or which is provocative in the sense that it induces a foreseeable physical disturbance." 82 S.Ct. at 253.
[5] Because we find that the evidence was sufficient to support defendant's conviction for disturbing the peace while appearing intoxicated under La. R.S. 14:103(A)(3), we pretermit discussion of the sufficiency of the evidence under any other section of the statute.