JjMcMANUS, Judge.
Defendant Donnell Chess appeals his misdemeanor conviction of two counts of battery of a police officer. However, because this conviction does not give rise to an appeal, we dismiss this matter for lack of jurisdiction.
The record shows that on September 9th, 1998, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of committing battery of a police officer in violation of LSA-R.S. 14:34.2. These charges arose out of a traffic stop that occurred on August 18th, 1998, in the South Causeway area of Jefferson Parish. As a result of the same incident, defendant was also charged with one count of being a felon in possession of a weapon under a separate bill of information; this appeal is before us pursuant to a written motion for appeal' in that matter, which motion also incorporated the misdemeanor conviction.
Defendant pled not guilty at his arraignment on September 16th, 1998. On June 24th, 1999, a bench trial was conducted on the two counts of battery of a police officer at the same time that a jury heard the felon in possession charge. After the bench trial, the judge found defendant guilty as charged. The trial judge sentenced defendant to six (6) months imprisonment on each misdemeanor charge, with the sentences to run concurrently.
The appellate jurisdiction of this Court extends only to cases that are triable by a jury. La. Const, of 1974, art. 5 § 10; LSA-C.Cr.P. art. 912.1. A Lmisdemeanor is not triable by a jury unless the punishment that may be imposed exceeds six months’ imprisonment. La. Const, of 1974, art. 1 § 17; LSA-C.Cr.P. art. 779; State v. Robinson, 93-864, at p. 3 (La.App. 5 Cir. 3/15/95), 653 So.2d 669, 670. When the state charges a defendant with two or more misdemeanors in a single bill of information or indictment, LSA-C.Cr.P. art. 493.1 limits the maximum aggregate penalty that may be imposed for all of the misdemeanors to six months’ imprisonment or a fine of one thousand dollars, or both.[1] Thus, when *1288 two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury. State v. Hornung, 620 So.2d 816, 817 (La.1993).
Defendant was charged by a single bill of information with two misdemeanors— two counts of committing a battery of a police officer in violation of LSA-R.S. 14:34.2. The penalty for battery of a police officer is a fíne of not more than five hundred dollars and imprisonment of not less than fifteen days nor more than six months without benefit of suspension of sentence. LSA-R.S. 14:34.2B(1). Because these two misdemeanors were joined in a single bill ¡of information, the maximum aggregate penalty was limited to six months imprisonment or a fine of one thousand dollars, or both. Thus, the case was not triable by a jury and is not appeal-able. State v. Hornung, 620 So.2d at 817. We are without jurisdiction to consider this .appeal. State v. Robinson, 97-686, at p. 3 (La.App. 5 Cir. 1/14/98), 707 So.2d 81.
Further, we will not, in derogation of established procedure, consider | sthe assigned errors through the mechanism of converting the appeal to a writ. On December 9 th, 1994, this Court, acting en banc, issued the following order:
It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
IT IS HEREBY ORDERED that, as of January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow and adhere to the procedural schemes set forth in our Louisiana Code of Civil and Criminal Procedure.
Therefore, we will dismiss this appeal, reserving nevertheless defendant’s right to seek relief pursuant to a writ application properly invoking our supervisory jurisdiction.
Accordingly, this appeal is dismissed. Defendant’s right to file an application for supervisory writs is hereby reserved.
APPEAL DISMISSED.

. Article 493.1 of our Code of Criminal Procedure provides as follows: [wjhenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or *1288 information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both.