**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-117

STATE OF LOUISIANA

VERSUS

CHAD R. JOHNSON

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR2009-1019
HONORABLE MARTHA ANN O'NEAL

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

Hon. David W. Burton
District Attorney - 36th JDC
P. O. Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
    State of Louisiana

Jonathan L. Johnson
Johnson & Vercher, LLC
P. O. Box 849
Lake Charles, LA 70602
(337) 433-1414
COUNSEL FOR APPELLANT:
    Chad R. Johnson

**Peters, Judge.**

On December 1, 2009, the Beauregard Parish District Attorney filed a bill of information charging Defendant, Chad R. Johnson, with one count of misdemeanor driving while intoxicated, in violation of La.R.S. 14:98, and with one count of misdemeanor impeding the flow of traffic, in violation of La.R.S. 32:64(B).

Thereafter, Defendant entered into a plea bargain wherein (1) he pled guilty to first offense driving while intoxicated, (2) the State dismissed the remaining charge, and (3) Defendant reserved the right to seek review of the ruling denying Defendant's motion to suppress evidence. Following Defendant's guilty plea, the sentencing court imposed a 180 day sentence, suspended 178 days of the sentence, and gave Defendant credit for time served. The district court additionally fined Defendant $750 and set forth special conditions of probation.

Five days later, Defendant filed his notice of intent to seek supervisory review, and the district court set December 10, 2010, as Defendant's return date. On his return date, Defendant filed a petition for appeal; as a result, the trial court also granted an appeal in the matter.

After an appellate record was lodged with this court on January 31, 2011, this court issued an order directing Defendant to show cause on or before February 22, 2011, why his appeal should not be dismissed as it sought review of a nonappealable judgment. On February 22, 2011, Defendant filed a response brief to this court's rule to show cause order. In his brief, Defendant alleges that, when he sought to file a writ application with this court on December 10, 2010, "The Clerk of the 3rd Circuit Court of Appeal" informed him that, under *State v. Crosby*, 338 So.2d 584 (La.1979), the matter was appealable and could not be reviewed via writ application. Defendant submits that, based upon this information, he sought the instant appeal.

In brief, Defendant urges this court to review the suppression issue as an appeal under *Crosby*. In the alternative, Defendant asks this court to review the suppression issue as a timely filed application for supervisory review. Defendant's response brief to this court contained neither assignments of error nor argument pertinent to the suppression issue reserved at the time of Defendant's guilty plea.

The record shows that Defendant was charged with two separate misdemeanors where the addition of the two maximum possible penalties would exceed a $1,000 fine and imprisonment for more than six months. However, under La.Code Crim.P. arts. 493.1 and 779, Defendant was not entitled to a jury trial because the joinder of the offenses limited Defendant's maximum aggregate exposure to a $1,000 fine, six months' imprisonment, or both:

> [A]ppellate jurisdiction . . . extends only to cases that are triable by a jury. La. Const. of 1974, art. 5 § 10; LSA-C.Cr.P. art. 912.1. A misdemeanor is not triable by a jury unless the punishment that may be imposed exceeds six months' imprisonment [or a fine in excess of $1,000]. La. Const. of 1974, art. 1§ 17; LSA-C.Cr.P. art. 779[.] When the state charges a defendant with two or more misdemeanors in a single bill of information or indictment, LSA-C.Cr.P. art. 493.1 limits the maximum aggregate penalty that may be imposed for all of the misdemeanors to six months' imprisonment or a fine of one thousand dollars, or both. Thus, when two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury.

*State v. Chess*, 00-164, pp. 1-2 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287-88 (citations omitted)(footnote omitted). Thus, the judgment at issue herein is not appealable, pursuant to La.Code Crim.P. arts. 493.1, 912, and 912.1.

Although *Crosby* allows a defendant to preserve his right to appellate review of pre-plea nonjurisdictional defects, it does not purport to grant appellate jurisdiction in cases where there was no right to a jury trial. *Crosby*, 338 So.2d at 586, 592. Moreover, the defense in the instant case specifically reserved the right to file a writ

2

application contesting the suppression ruling.  Accordingly, *Crosby* also does not grant appellate jurisdiction in the instant case.

Therefore, the appeal in the above-captioned case is hereby dismissed. Defendant will be permitted to file a timely application for supervisory review with this court within thirty days of the date of this opinion.

**APPEAL DISMISSED.   DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**