Applying For Supervisory and/or Remedial Writs, Parish of Caddo, 1st Judicial District Court Div. 5, No. 301351; to the *955 Court of Appeal, Second Circuit, No. 50107-KW.
|, Writ denied. When examined more closely, relator’s pleading, which he captioned as a “Motion for Contradictory Hearing,” was actually an application for post-conviction relief because he sought to attack his conviction collaterally. See Smith v. Cajun Insulation, 392 So.2d 398, 402 n. 2 (La.1980) (“Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties.”). The application was untimely, however, because it was filed more than two years after his conviction and sentence became final. See La. C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Furthermore, because relator raised the same claim in his first application, the subsequent application was im-permissibly repetitive. See La.C.Cr.P. art. 930.4(D).
Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.