MURPHY, J.
[, Defendant, Matthew Carroll, appeals his convictions and sentences for battery of a police officer and battery of a correctional facility employee. For the reasons that follow, we affirm both convictions and sentences, and we grant appellate counsel’s motion to withdraw as attorney of record.
STATEMENT OF THE CASE
On November 6, 2014, the Jefferson Parish District Attorney’s office filed a bill of information charging defendant with two counts of battery upon a correctional facility employee, in violation of La. R.S. 14:34.5. Defendant pled not guilty to both charges at his arraignment on December 18, 2014. On February 2, 2015, defendant withdrew his not guilty pleas and pled guilty to an amended charge of battery of a police officer for count one, a violation of La. R.S. 14:34.2, and also pled guilty to battery of a correctional facility employee for count two. As part of his plea agreement, defendant was sentenced by the trial court to six months at hard labor for count one,[1] with credit for time served and six months without benefit of probation or suspension of sentence. Defendant was sentenced to one year at hard labor for count two, without benefit of parole, probation or suspension of sentence. The sentence for count one was ordered to run consecutively to count two. Defendant thereafter filed an application for post-conviction relief, which the trial court converted to an out-of-time appeal on September 8, 2016. This timely appeal follows.
JgFACTS
Because the instant convictions were a result of guilty pleas, the underlying facts *489 of the matter were not fully developed at trial. However, a probable cause affidavit in the record indicates that, while being transferred from an “inmate housing area,” defendant struck, bit, and kicked two Jefferson Parish Deputies.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the *490 record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement, and that the trial court’s colloquy was thorough and complete. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief.[4]
The State asserts that the record shows that prior to defendant’s guilty plea, the district court fully explained to him the rights he was waiving, and defendant | ¿affirmed his understanding. The State agrees with counsel that defendant made a knowing and voluntary act of pleading guilty. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant’s convictions and sentences should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record shows that defendant was present at the sentencing and was represented by counsel. Prior to sentencing, the trial court entered into a colloquy with defendant wherein the court advised defendant of his Boykin[5] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentences he would receive if he pled guilty. Defendant’s sentences were in the statutory range for violations of La. R.S. 14:34.5 and 14:34.2 and, as appellate counsel notes, defendant’s plea bargain resulted in an agreement from the State not to file a multiple offender bill of information. Furthermore, La. C.Cr.P. Art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s sentences and convictions and grant appellate counsel’s motion to withdraw as attorney of record.
[¿ERROR PATENT DISCUSSION
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. Art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990) regardless of whether defendant makes such a request. Our review reveals no errors patent in this case which require correction.
DECREE
Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The record shows that defendant was charged under La. R.S. 14:34.2(B)(1), which provides, "Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence," This Court’s appellate jurisdiction extends only to cases that are triable by a jury. State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287 (citing La. Const. of 1974, Art. 5 § 10; La. C.Cr.P. Art. 912.1). Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. Chess, 00-164 at 1-2, 762 So.2d at 1287 (citing La. Const. of 1974, Art. 1 § 17; La. C.Cr.P. Art. 779; State v. Robinson, 94-864, pp. 2-3 (La. App. 5 Cir. 3/15/95), 653 So.2d 669, 670. The proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction. See La. C.Cr.P. Art. 912.1(C)(1); State v. Trepagnier, 07-749 c/w 07-750 (La.App. 5 Cir. 3/11/08), 982 So.2d 185, writ denied, 08-0784 (La. 10/24/08), 992 So.2d 1033. In this case, however, the misdemeanor and felony convictions appear intertwined to the point that the interest of justice is better served by considering the matters together. See State v. Jones, 12-640 (La.App. 5 Cir. 10/30/13), 128 So.3d 436.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 5, 2016, to file a pro se sup-plemenial brief. Defendant did not file a pro se brief.

. Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).