CHEHARDY, C.J.
On appeal, defendant's appointed appellate counsel has filed an Anders brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant's convictions and sentences and grant appellate counsel's motion to withdraw.
Facts and Procedural History
Because defendant pled guilty, the facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
[O]ur evidence in this case would have proven that Mr. Vaughn on or about March 25th of this year violated La. R.S. 14:64.1 and that he did rob one Leda Baney ... while leaving ... said victim to reasonably believe that he was armed with a dangerous weapon. In connection with count two our evidence would have further proven that Mr. Vaughn on the same date committed a violation La. R.S. 14:35 and that he did commit a simple battery upon a juvenile. His date of birth was 2/27/11, he did that by using force or violence upon that individual person without their permission. With regard to count three our evidence would have proven that Mr. Vaughn on December 29th of last year violated *582 La. R.S. 14:64.1 and that he did rob one Dariana Davis while leaving that victim to reasonably believe that he was armed with a dangerous weapon, and count four we would have additionally proven that on May 26th of this year Mr. Vaughn violated La. R.S. 14:62.3 by committing unauthorized entry of an inhabited dwelling located at 200 Acorn Street in Kenner. It was the home or abode of one Daniel Gray. All those violations occurred in Jefferson Parish within this court's jurisdiction.
On May 30, 2017, the Jefferson Parish District Attorney charged defendant, John F. Vaughn, with two counts of first degree robbery, in violation of La. R.S. 14:64.1 ; one count of cruelty to a juvenile, in violation of La. R.S. 14:93 ; and one count of unauthorized entry of an inhabited dwelling, in violation of La. R.S. 14:62.3. On October 16, 2017, the State amended the bill of information to reduce the charge of cruelty to a juvenile to misdemeanor simple battery, in violation of La. R.S. 14:35.
On October 16, 2017, defendant withdrew his previous pleas of not guilty and entered pleas of guilty to the charges as amended. In accordance with the plea agreement set forth in the record, the trial court sentenced defendant to concurrent sentences as follows: for each count of first degree robbery, twenty years at hard labor; for misdemeanor simple battery, six months in parish prison; and for unauthorized entry of an inhabited dwelling, twelve years at hard labor.
During that same hearing, the State filed a multiple offender bill of information, alleging defendant to be a second felony offender, to which defendant stipulated. In accordance with a plea agreement set forth in the record, the trial court vacated defendant's underlying sentence for unauthorized entry into an inhabited dwelling, and sentenced defendant pursuant to La. R.S. 15:529.1 to twelve years at hard labor to run concurrently with his other sentences.
On November 8, 2017, defendant filed a motion to reconsider sentence and a Notice of Appeal and Designation of Record, seeking an appeal from the "judgment rendered on October 16, 2017." The trial court denied the motion to reconsider sentence and granted defendant's motion for appeal on November 27, 2017. The instant appeal follows.
Jurisdictional Note
This Court's appellate jurisdiction extends only to cases that are triable by a jury. La. Const. of 1974, art. 5 § 10 ; La. C.Cr.P. art. 912.1 ; State v. Chess , 00-164 (La. App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287. Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. La. Const. of 1974, art. 1 § 17 ; La. C.Cr.P. art. 779 ;[1] Chess, supra .
In the present case, defendant was originally charged with cruelty to a juvenile, in violation of La. R.S. 14:93, a felony, but defendant pled guilty to the amended charge of simple battery, in violation of La. R.S. 14:35, a misdemeanor. La. R.S. 14:35(B) sets forth the penalties for simple battery, which are a fine of not more than one thousand dollars or imprisonment for not more than six months, or both. Thus, simple battery is not triable by a jury.
The proper procedure for seeking review of a misdemeanor conviction is *583 an application for writ of review asking this Court to exercise its supervisory jurisdiction. See La. C.Cr.P. art. 912.1(C)(1) ; State v. Trepagnier , 07-749 c/w 07-750, p. 3 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, writ denied , 08-0784 (La. 10/24/08), 992 So.2d 1033. Further it is this Court's policy to dismiss such misdemeanor matters that are not appealable. However, we also note that dismissal may not be warranted in "exceptional cases, especially when there are misdemeanor and felony convictions intertwined to the point that the interests of justice are better served by considering the matters together."[2]
Upon review, we note that defendant's misdemeanor and felony offenses were charged in the same bill of information,[3] and defendant's guilty pleas, and his sentencing on both charges occurred simultaneously. Here, the misdemeanor and felony convictions are intertwined to the point that the interests of justice may be better served by considering the matters together. Finding that the instant matter is an example of "exceptional cases...intertwined to the point that the interests of justice are better served by considering the matters together," we conclude that judicial economy dictates that these matters should be considered together. Jones , supra ; Christophe, supra.
Anders brief [4]
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a *584 brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles , supra , the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Discussion
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal.
Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of changing his plea both by his trial counsel and the district court. She notes that an examination of the plea colloquy reveals that the district court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights. She notes that he was informed of the maximum penalties for each of the offenses to which he was pleading. With respect to the habitual offender proceeding, appellate counsel avers that defendant was advised that he had the right to a hearing on the allegations and to require the State to prove the allegations *585 contained in the bill. Appellate counsel asserts that the court reviewed with defendant the sentences that it would impose as a result of his guilty plea and his stipulation to the multiple offender bill of information, which were the sentences that were imposed. As such, she notes that defendant is restricted from appealing his sentences.
Appellate counsel has filed a motion to withdraw as attorney of record which states she filed an Anders brief and that defendant has a right to file his own brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and of his opportunity to file a pro se supplemental brief.
The State responds that appellate counsel correctly notes that the case presents no non-frivolous issues for appellate review. The State notes that the trial court conducted a Boykin colloquy with defendant and explained the rights he was waiving by pleading guilty. The State avers that defendant's sentences were within the statutory limits. The State concludes that defendant voluntarily and intelligently entered into his guilty pleas, and there are no non-frivolous issues to be raised on appeal.
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information and amended bill of information properly charged defendant, plainly stated the essential facts of the charged offenses, identified defendant, and the crimes charged. See generally La. C.Cr.P. arts. 464 - 466. As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceeding, his sentencing, and his multiple bill proceeding, including his stipulation and enhanced sentencing. As such, defendant's presence, or lack thereof, does not present an issue for appeal.
Further, defendant pled guilty as charged in the amended bill of information; he also admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
The record also indicates that no pre-trial motions were filed by defendant. Thus, the record does not contain any pre-trial rulings that could have been preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Additionally, a review of the record reveals no irregularities in defendant's guilty pleas that would render them invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[7] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
*586 State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmities with respect to defendant's guilty pleas. The record reflects that defendant acknowledged reviewing the waiver of rights form with his attorney. The record shows that defendant was aware he was charged with and pleading guilty to two counts of first degree robbery, one count of misdemeanor simple battery, and one count of unauthorized entry of an inhabited dwelling. Defendant was also properly advised of his Boykin rights.[8] On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a trial by jury, his right to confrontation, and his privilege against self-incrimination. Defendant indicated both by his signature on the waiver of rights form and verbally with the trial judge that he understood that by pleading guilty he was waiving these rights.
Defendant was also informed that if he would be convicted of any felony in the future, he could be multiple billed under the habitual offender law which would increase the penalty for that conviction. Defendant confirmed that his pleas were knowing, intelligent, free and voluntary and that no promises or threats had been made to encourage him to plead guilty. Moreover, a factual basis was given by the State for the charged offenses, and defendant indicated he was pleading guilty because he was in fact guilty. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, and voluntarily made.
Additionally, during the guilty plea colloquy and by means of the waiver of rights form, defendant was advised of the maximum six-year sentence he faced for the crime of unauthorized entry of an inhabited building and the maximum six-month sentence he faced for simple battery. Because neither of those charges have a mandatory minimum penalty, defendant was not advised of the mandatory minimum penalty. See La. R.S. 14:62.3 and La. R.S. 14:35.
Further, although defendant was advised of the maximum forty-year sentence that he faced for the crimes of first degree robbery on counts one and three, he was not advised of the mandatory minimum three-year penalty he faced for the offense. See La. R.S. 14:64.1. The record reflects that the defendant was also not advised as to the mandatory restriction of benefits he faced for first degree robbery. See La. R.S. 14:64.1(B).[9] Defendant was, however, informed of actual sentences that would be imposed if he pled guilty.
La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent , 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied , 15-2119 (La. 12/16/16), 211 So.3d 1165. Further, La. C.Cr.P. art. 556.1(E) provides that: "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Violations of La. C.Cr.P. art. 556.1 that do not *587 rise to the level of Boykin violations are subject to a harmless error analysis. Kent, supra (citing State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64 ).
In the present case, although the trial court failed to advise defendant regarding the minimum sentences he faced for the two counts of first degree robbery, the trial court informed defendant that he would receive twenty-year sentences on each count, and defendant later received twenty-year sentences for the charged offenses. This Court has held that the advisement of an agreed upon sentence complies with La. C.Cr.P. art. 556.1. See State v. Nicholas , 16-16 (La. App. 5 Cir. 6/30/16), 196 So.3d 864 (citing Kent, supra , citing Craig , 10-854, 66 So.3d at 64 ). Accordingly, we find that no substantial rights of defendant were affected by the trial court's lack of advisal concerning the minimum sentence defendant faced for the crime of first degree robbery and this does not present an issue for appeal.
Moreover, with respect to the trial court's failure to advise defendant as to the mandatory restriction of benefits he faced, this Court has noted, in a similar factual situation, that the omission of an advisal regarding the restriction of benefits did not present an issue for appeal. See State v. Landfair , 07-751 (La. App. 5 Cir. 3/11/08), 979 So.2d 619, 622-23, writ denied , 08-1143 (La. 1/9/09), 998 So.2d 713.[10] Likewise, we find that the failure to advise defendant of the mandated restriction of benefits for first degree robbery did not present an issue for appeal here.
Further, our review reveals no constitutional infirmity in defendant's stipulation to the multiple bill. The record indicates that defendant reviewed the multiple offender waiver of rights form with his attorney. The waiver of rights form and the colloquy between the trial judge and defendant indicate that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the sentence that would be imposed. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill.
Afterward, the trial judge accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. By stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects were also waived. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. See Schaefer, supra .
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed.
*588 State v. Williams , 12-299 (La. App. 5 Cir 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-0109 (La. 6/21/13), 118 So.3d 406. Here, defendant's original sentences for first degree robbery and simple battery and his enhanced sentence for unauthorized entry into an inhabited dwelling were imposed in accordance with the plea agreement set forth in the record at the time of the pleas. See La. R.S. 14:64.1(B) ;[11] La. R.S. 14:35(B) ;[12] La. R.S. 14:62.3(B) ;[13] La. R.S. 15:529.1.[14]
Based on our independent review of the record, we find that appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal. Accordingly, we grant appellate counsel's motion to withdraw as attorney of record.
Errors Patent
In brief, defendant requests an error patent review, which this Court routinely performs on appellate review in accordance with La. C.Cr.P. art. 920 ;[15] State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). Generally, however, an error patent review is not conducted on misdemeanor convictions. Nevertheless, this Court in similarly situated matters has conducted an error patent review. See State v. Jones , 12-640 (La. App. 5 Cir. 10/30/13), 128 So.3d 436 ; State v. Carruth , 94-147, 94-148 (La. App. 5 Cir. 9/27/94), 643 So.2d 1319 ; State v. Brooks , 595 So.2d 777 (La. App. 5 Cir. 1992). Accordingly, this Court conducted an error patent review of all of the convictions before us and found no errors that require correction.
AFFIRMED; MOTION TO WITHDRAW GRANTED.

La. C.Cr.P. art. 779(A) provides: "A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict."

See generally , State v. Brown , 17-420 c/w17-426, 2018 WL 989136, 2018 La. App. LEXIS 269 (La. App. 5 Cir. 2/21/18) ; State v. Carroll , 16-599 (La. App. 5 Cir. 2/8/17), 213 So.3d 486 ; State v. Jones , 12-640 c/w 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436 ; State v. Christophe , 12-82 (La. App. 5 Cir. 10/16/12), 102 So.3d 935, writ denied , 12-2432 (La. 4/19/13), 111 So.3d 1029 ; Trepagnier , supra.

In the amended bill of information, defendant was charged with misdemeanor simple battery and three felonies: two counts of first degree robbery, in violation of La. R.S. 14:64.1 and one count of unauthorized entry of an inhabited dwelling, in violation of La. R.S. 14:62.3. This is a misjoinder of offenses in the bill of information. La. C.Cr.P. art. 493 provides for the joinder of offenses that "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial ." (Emphasis added.)
In the present case, three of the four counts, which are punishable with or without hard labor, are triable by a jury. La. C.Cr.P. art. 782. However, simple battery, which is a misdemeanor, is triable by a judge only. La. C.Cr.P. art. 779. Therefore, pursuant to La. C.Cr.P. art. 493, misdemeanor simple battery was not properly joined in the same indictment as the felony offenses.
However, defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La. C.Cr.P. art. 495. Additionally, by entering an unqualified guilty plea, defendant waived review of this non-jurisdictional pre-plea defect. See State v. Crosby , 338 So.2d 584 (La. 1976) ; State v. Lisotta , 11-1461 (La. App. 3 Cir. 6/06/12), 91 So.3d 1247, 1249-50.

With respect to an Anders review, this Court generally does not conduct an Anders review of misdemeanor convictions, which are reviewed under our supervisory jurisdiction. Nevertheless, this Court has in the past conducted an Anders review of misdemeanor convictions, when those convictions were considered with appeals from the defendant's felony convictions. State v. Sayles , 16-334 (La. App. 5 Cir. 12/7/16), 206 So.3d 1243 n.3 ; State v. Lyons , 13-180 (La. App. 5 Cir. 10/9/13), 128 So.3d 407 ; Carroll , supra . In the instant case, we have conducted an Anders review on each conviction before this Court.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives the three Boykin rights. State v. Lyons , supra at 407, 416 n.10 (citing State v. Casse , 00-235 (La. App. 5 Cir. 10/18/00), 772 So.2d 801, 803 ).

La. R.S. 14:64.1(B) mandates that the entire sentence be imposed without the benefit of parole, probation, or suspension of sentence.

In Landfair , defendant's Boykin colloquy and the written waiver of rights form failed to inform the defendant that his guilty plea would result in a sentence without benefit of parole, probation, or suspension of sentence. This Court recognized that the defendant did not assign any errors relating to his sentence, did not make any allegations that his plea was involuntary, and did not move to withdraw his guilty plea. This Court reasoned that the sentence imposed was not inconsistent with the plea agreement, and that the restriction of benefits was mandatory in accordance with law. Landfair, supra at 623.

La. R.S. 14:64.1(B) provides that "[w]hoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence."

La. R.S. 14:35(B) provides that "[w]hoever commits a simple battery shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both."

La. R.S. 14:62.3(B) provides that "[w]hoever commits the crime of unauthorized entry of an inhabited dwelling shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both." Defendant was originally sentenced on count four, authorized entry of an inhabited dwelling, a violation of La. R.S. 14:62.3, to twelve years at hard labor, which exceeds the maximum penalty proscribed by the statute. However, this sentence was later vacated, and defendant was sentenced as a multiple offender to twelve years at hard labor. While defendant was properly advised of the maximum sentence of six years, he was further told that the sentence that would be imposed would be twelve years. Because the original sentence on count four was vacated, any error regarding that sentence is moot. See State v. Hanson, 00-1168 (La. App. 5 Cir. 12/13/00), 778 So.2d 43, 45, writ denied , 03-2838 (La. 10/8/04), 883 So.2d 1030.

La. R.S. 15:529.1 provides, in pertinent part, that upon a second felony conviction, "the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction."

La. C.Cr.P. art. 920 provides for the scope of appellate review as follows: The following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.