STATE OF LOUISIANA

VERSUS

WENDELL L. LACHNEY

NO. 23-KA-79

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-6880, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

October 31, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**MOTION TO DISMISS GRANTED;**
**APPEAL DISMISSED WITH PREJUDICE**
    **SJW**
    **SMC**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Juliet L. Clark
    Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
WENDELL L. LACHNEY
    Frank G. DeSalvo
    Shannon R. Bourgeois

**WINDHORST, J.**

Appellant/defendant, Wendell L. Lachney, appeals his misdemeanor convictions and sentences. For the reasons stated herein, we grant the State's motion to dismiss and dismiss defendant's appeal.

**PROCEDURAL HISTORY**

On December 29, 2021, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Wendell L. Lachney, with reckless operation of a vehicle in violation of La. R.S. 14:99 (count one), possession of drug paraphernalia in violation of La. R.S. 40:1023 (count two), possession of marijuana "weighing 14.1 grams to 2.4 pounds" in violation of La. R.S. 40:966 C (count three), possession of an open alcoholic beverage in a vehicle in violation of La. R.S. 32:300 (count four), and failure to use a safety belt in violation of La. R.S. 32:295.1 (count five). Defendant was arraigned and pled not guilty.

On January 13, 2022, the State filed a superseding bill of information, amending count three to possession of marijuana fourteen grams or less in violation of La. R.S. 40:966 C. Defendant was re-arraigned and pled not guilty. On September 6, 2022, the superseding bill of information was amended to reflect that defendant was born on "01/01/1963" instead of "10/01/1963."[1]

On September 20, 2022, defendant withdrew his pleas of not guilty and pled guilty as charged. Defendant waived sentencing delays and victim impact statements were presented. The trial court sentenced defendant to ninety days in the parish prison on count one; fifteen days in the parish prison on count two; imposed a hundred dollar fine each on counts three and four; and imposed a fifty-dollar fine on count five. The court furthered ordered all of the sentences to run concurrent with each other and with the sentences in district court case number 21-5943

---

[1] On the same day, defendant filed a sentencing memorandum, requesting the trial court to impose a lenient sentence.

(defendant's felony case).[2] The trial court stated, "Again, the Court will again make the finding that defendant is indigent based upon his period and length of incarceration and, as such, suspend any fines and court costs[.]"[3]

On September 21, 2022, in defendant's felony case (district court case number 21-5943), defendant filed an Objection to Sentence, Motion to Reconsider Sentence and Request for Hearing, which the trial court denied. On November 10, 2022, defendant filed a Motion to Reconsider Denial of Motion to Reconsider Sentence, in his felony case, and it was denied by the trial court. On November 15, 2022, defendant filed a motion for appeal, which included the district court case number in the instant misdemeanor case (21-6880) and the district court case number for the felony case (21-5943). The motion for appeal stated that defendant intended to "appeal both the judgment and sentence of this Honorable Court imposed in the instant matter." This appeal followed.

Defendant filed identical briefs in this case and in the companion case on appeal as to his felony case, only challenging his sentence as to count one in his felony case. Defendant did not file an appellant brief challenging his misdemeanor convictions and sentences in this case.

Subsequently, the State filed a motion to dismiss defendant's appeal in the instant case. In the motion, the State contends that this appeal should be dismissed because defendant filed an appellant brief in this misdemeanor case identical to the brief in the felony appeal (23-KA-78), and the sole assignment of error herein addresses only the felony sentence given in the felony case. The State asserts that

---

[2] During the same proceeding, defendant pled guilty to felony charges of vehicular homicide of A.D., while under the influence of alcohol with a BAC of 0.20% or more and other drugs in violation of La. R.S. 14:32.1 (count one), and first degree negligent injuring upon Sarah Douglas, while under the influence of alcohol with a BAC of 0.20% or more and other drugs in violation of La. R.S. 14:39.2 (count two), in district court case number 21-5943. The appeal relating to defendant's felony convictions is before this court in companion case number 23-KA-78.

[3] The original sentencing minute entry from September 20, 2022, was corrected by a *Nunc Pro Tunc* minute entry on September 22, 2022, stating, "all fines, court costs, & fees are suspended, defendant to complete any recommended treatment."

the proper procedure for seeking review of a misdemeanor conviction not triable by a jury is by a writ application seeking this court's supervisory jurisdiction. The State contends that in the instant appeal, defendant's appellant brief did not assign any error as to his misdemeanor convictions and sentences or with any ruling in this case. The State also avers that defendant did not file a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), and that defendant did not seek an errors patent review concerning the misdemeanor convictions and sentences in this case. Furthermore, the State contends that because defendant's only assignment of error raised in his appellant brief pertains to his sentence on count one in his felony case, which is raised in 23-KA-78, conversion of this appeal to a writ would serve no purpose. Accordingly, the State requests this court to dismiss defendant's appeal in this case. Defendant did not file an opposition to the motion to dismiss.

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the amended superseding bill of information alleges that on count one defendant "violated La. R.S. 14:99 in that he did willfully and unlawfully operate a motor vehicle in a reckless manner;" on count two, defendant "violated La. R.S. 40:1023 in that he did knowingly and intentionally possess drug paraphernalia to wit: a glass pipe and wood pipe;" on count three, defendant violated "La. R.S. 40:966 C in that he did knowingly or intentionally possess a controlled dangerous substance, to wit: Marijuana weighing 14 grams or less;" on count four, defendant "violated La. R.S. 32:300 by willfully and unlawfully possessing an open alcoholic beverage in a vehicle;" and on count five, defendant "violated La. R.S. 32:295.1 by knowingly and intentionally failing to properly fasten a safety belt about his person while the motor vehicle was in motion[.]"

The State also provided the following factual basis for the guilty pleas:

> Your Honor, if the State would have gone forward in case Number 21-6880, the State would have proven beyond a reasonable doubt the defendant, Wendell L. Lachney, on or about October 22nd, 2021, in Jefferson Parish violated Louisiana Revised Statute 14:99 in that he did willfully and unlawfully operate a motor vehicle in a reckless manner.
>
> As to Count 2, the State would have proven beyond a reasonable doubt that defendant, Wendell L. Lachney, on or about October 22nd, 2021, in Jefferson Parish, violated Louisiana Revised Statute 40:1023 in that he did knowingly or intentionally possess drug paraphernalia, to wit, a glass pipe and wood pipe.
>
> As to Count 3, the State would have proven beyond a reasonable [sic] the defendant, Wendell L. Lachney, on October 22nd, 2021, in Jefferson Parish, violated Louisiana Revised Statute 40:966(C) in that he did knowingly or intentionally possess a controlled dangerous substance, to wit, marijuana weighing 14 grams or less.
>
> As to Count 4, the State would have proven beyond a reasonable doubt that the defendant, Wendell L. Lachney, on or about October 22nd, 2021, in Jefferson Parish, violated Louisiana Revised Statute 32:300 by willfully and unlawfully possessing an open alcoholic beverage in a vehicle.
>
> As to count 5, the State would have proven beyond a reasonable doubt the defendant, Wendell L. Lachney, on or about October 22nd, 2021, in Jefferson Parish, violated Louisiana Revised Statute 32:295.1 by knowingly and intentionally failing to operate or properly fasten a seat belt about his person while the motor vehicle was in motion.

## JURISDICTIONAL ISSUE and MOTION TO DISMISS

In criminal matters, this court's appellate jurisdiction extends only to cases that are triable by a jury. State v. Carroll, 16-599 (La. App. 5 Cir. 02/08/17), 213 So.3d 486, 488 n.1; State v. Chess, 00-164 (La. App. 5 Cir. 06/27/00), 762 So.2d 1286, 1287 (*citing* La. Const. of 1974, art. 5 § 10; La. C.Cr.P. art. 912.1). Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. Chess*, supra* (*citing* La. Const. of 1974, art. 1 § 17; La. C.Cr.P. art. 779).[4]

---

[4] La. C.Cr.P. art. 779 A provides: "A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict."

When misdemeanor offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of one thousand dollars, the defendant is entitled to a jury trial. State v. Armant, 02-907 (La. App. 5 Cir. 01/28/03), 839 So.2d 271, 279 (*citing* State v. Hornung, 620 So.2d 816, 817 (La. 1993) (*per curiam*)). However, whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both. La. C.Cr.P. art. 493.1.[5] Therefore, when two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury. Chess, 762 So.2d at 1287-88 (*citing* Hornung, *supra*).

In the instant case, defendant was charged in a single bill of information with five misdemeanors in district court case number 21-6880, for crimes alleged to have occurred on or about October 22, 2021. Specifically, in the amended superseding bill of information, defendant was charged with, and pled guilty to, reckless operation of a vehicle in violation of La. R.S. 14:99 (count one), possession of drug paraphernalia in violation of La. R.S. 40:1023 (count two), possession of marijuana fourteen grams or less in violation of La. R.S. 40:966 C (count three), possession of an open alcoholic beverage in a vehicle in violation of La. R.S. 32:300 (count four), and failure to use a safety belt in violation of La. R.S. 32:295.1 (count five). Because these misdemeanors were joined in a single bill of information, the maximum aggregate penalty was limited to six months imprisonment or a fine of one thousand dollars, or both, and defendant's misdemeanor charges were not triable by a jury. Consequently, the proper procedure for seeking review of these misdemeanor

---

[5] La. C.Cr.P. art. 493.1 provides, "Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both."

convictions is an application for writ of review directed to this court to exercise its supervisory jurisdiction. See La. C.Cr.P. art. 912.1 C(1); State v. Trepagnier, 07-749 c/w 07-750 (La. App. 5 Cir. 03/11/08), 982 So.2d 185, 188, writ denied, 08-784 (La. 10/24/08), 992 So.2d 103.

Pursuant to this court's *En Banc* policy regarding jurisdictional matters adopted on May 29, 2014, "if the majority of the panel determined that the matter was not appealable, the matter shall be dismissed, allowing the parties time to file a writ application." However, this court stated that dismissal may not be warranted in "exceptional cases, especially when there are misdemeanor and felony convictions intertwined to the point that the interests of justice are better served by considering the matters together." See State v. Brown, 17-420 (La. App. 5 Cir. 02/21/18), 239 So.3d 455, 458.

In the instant case, defendant's misdemeanor and felony offenses concern the same facts. Thus, this would have been an exceptional case where the misdemeanor and felony convictions are so intertwined to the point that the interest of justice may be better served by considering the matters together. See State v. Blackwell, 18-118 (La. App. 5 Cir. 12/27/18), 263 So.3d 1234, 1239. However, due to the issues discussed herein, there is nothing for this court to consider in the instant appeal.

First, we find defendant's appeal of his misdemeanor guilty pleas is untimely. A defendant seeking this court's supervisory review of a misdemeanor conviction is required to file a notice of intent and seek a return date. La. U.R.C.A., Rule 4-2 provides:

> The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

La. U.R.C.A., Rule 4-3 provides in pertinent part:

> In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; a Court of Appeal shall not infer a return date from the record.
>
> Upon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the Court of Appeal within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the Court of Appeal.

Therefore, in a criminal case, for an application for a supervisory writ to be timely, a notice of intention to apply for a supervisory writ must be filed in the trial court within thirty days from the ruling at issue, except when the judge orders that the ruling be reduced to writing, in which case the return date shall not exceed thirty days from the date the ruling is signed. La. U.R.C.A., Rules 4-2 and 4-3; State v. Bourg, 16-313 (La. App. 5 Cir. 06/29/16), 196 So.3d 737, 740.

In the instant case, on September 20, 2022, defendant pled guilty in his felony and misdemeanor cases and he was sentenced on all counts. On November 15, 2022, defendant filed a written motion for appeal, which included both his felony and misdemeanor district court case numbers. In the motion, defendant noticed his intention to "appeal both the judgment and sentence." This court has previously construed a motion for appeal as a notice of intent to apply for writs where the offense is not appealable. Bourg, 196 So.2d at 70-41 (*citing* State v. Donaldson, 13-703 (La. App. 5 Cir. 11/19/13), 130 So.3d 394, 395).[6] However, we find defendant's

---

[6] The nature of a pleading is determined by its substance and not its caption. State v. Wilson, 16-246 (La. App. 5 Cir. 12/07/16), 207 So.3d 1196, 1198. See also State v. Webb, 15-962 (La. 09/25/15), 175 So.3d 954, 955 ("Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties") (*quoting* Smith v. Cajun Insulation, 392 So.2d 398, 402 n.2 (La. 1980)).

"motion for appeal" is untimely in this case even if construed as a notice of intent because it was filed more than thirty days after September 20, 2022.[7]

Further, we find defendant's appeal of his misdemeanor convictions and sentences in this case is deemed abandoned because it briefed no issue related to this case. See State v. Gatson, 21-156, 21-157 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1027 fn.1.

In Gatson, defendant sought review of his felony convictions and sentences in appeal number 21-KA-156 and review of his related misdemeanor convictions and sentences in companion case number 21-KA-157. Because the defendant's felony convictions and sentences in 21-KA-156 were so intertwined with the misdemeanor convictions in 21-KA-157, this court found the interests of justice and judicial economy dictated that the matters be considered together and consolidated the cases *sua sponte*. However, this court held that since defendant merely adopted his brief from 21-KA-156 (appeal of felony convictions and sentences) in 21-KA-157 (appeal of misdemeanor convictions and sentences) and defendant did not brief any assignments of error regarding the misdemeanor charges, defendant's appeal in 21-KA-157 was deemed abandoned. Id., *citing* La. U.R.C.A., Rules 1-3 and 2-12.4.[8]

Here, defendant filed identical briefs in this case 23-KA-79 (misdemeanor case) and in 23-KA-78 (felony case). Defendant's sole assignment of error challenges his sentence as constitutionally excessive on count one (vehicular homicide of A.D.) in his felony case (23-KA-78). That sentence is not before this court in the instant matter (23-KA-79), which concerns defendant's misdemeanor

---

[7] The record reflects that on September 21, 2022, defendant filed a written motion to reconsider as to his felony convictions only in district court case number 21-5943, and the court denied this motion on October 26, 2022.

[8] See La. U.R.C.A., Rule 1-3, which provides, in pertinent part:
The Courts of Appeal will review only issues which were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
See also La. U.R.C.A., Rule 2-12.4, which provides in pertinent part:
All assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed.

convictions and sentences. Defendant did not raise any additional assignments of error or specifically address the misdemeanor convictions and sentences in this matter. Consequently, we find that defendant's appellant brief is not sufficiently tailored to this matter. Accordingly, we find defendant's appeal as to his misdemeanor convictions and sentences is deemed to be abandoned. See Gatson; La. U.R.C.A., Rules 1-3 and 2-12.4.

**DECREE**

Based on the foregoing, we grant the State's motion to dismiss, and we dismiss the instant misdemeanor appeal with prejudice.

**MOTION TO DISMISS GRANTED;
APPEAL DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-79

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          FRANK G. DESALVO (APPELLANT)

**MAILED**
SHANNON R. BOURGEOIS (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                           (APPELLEE)
739 BARONNE STREET                        DISTRICT ATTORNEY
NEW ORLEANS, LA 70113                     TWENTY-FOURTH JUDICIAL DISTRICT
                                          200 DERBIGNY STREET
                                          GRETNA, LA 70053